IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BENT OAK TOWNHOUSES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:16-CV-1310 |
| | § | |
| PELEUS INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

### DEFENDANT PELEUS INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Peleus Insurance Company files this Notice of Removal under 28 U.S.C. Section 1446(a) and respectfully states.

### I.
### INTRODUCTION

1. Plaintiff is Bent Oak Townhouses, Inc.; Defendant is Peleus Insurance Company.

2. On December 19, 2016, Plaintiff filed suit against Peleus for damages in the 225th Judicial District Court of Bexar County, Texas – Cause No. 2016CI21574.

3. Two days later, on December 21, 2016, Plaintiff filed its First Amended Petition against Peleus.

4. Plaintiff purports to have served Peleus with process in this action by sending a copy of Plaintiff's First Amended Petition to Peleus' outside counsel via certified mail, return receipt requested,[1] which Peleus' counsel received via certified mail, return receipt requested on December 27, 2016. Accordingly, subject to and without waiving any objection(s) or challenge(s) to the sufficiency of service, Peleus files this Notice within the 30-day time period

---

[1] *See* Plaintiff's First Amended Petition at ¶3.

required by 28 U.S.C. Section 1446(b).

5. Venue is proper in this district under 28 U.S.C. Section 1441(a) because the state court where the action is pending is located in this district.

## II.
## BASIS FOR REMOVAL

6. Removal is proper under 28 U.S.C. Section 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees. These two conditions are clearly satisfied in this matter.

**A.     Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Peleus.**

7. Despite Plaintiff's incorrect assertion that it is an individual, the applicable insurance Policy was issued to Bent Oak Townhouses, Inc., and as noted in the attached Periodic Report – Nonprofit Corporation, Bent Oak Townhouses, Inc. is a Texas corporation with its principal place of business in Texas.[2] Plaintiff is thus a citizen of Texas for purposes of this Court's diversity jurisdiction.

8. Defendant Peleus Insurance Company is an insurance company incorporated in the State of Virginia with its principal place of business in Virginia. Peleus is thus a citizen of Virginia for diversity jurisdiction purposes.

9. Because Plaintiff is a citizen of Texas and Defendant is a citizen of Virginia, there is complete diversity between the parties for purposes of this Court's diversity jurisdiction.

---

[2]   *See* <u>Exhibit A</u> [Periodic Report – Nonprofit Corporation file-stamped June 28, 2013].

**B.     Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

10.     If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorneys' fees, Peleus' burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[3] .

11.     Here, Plaintiff's First Amended Petition states that Plaintiff seeks to recover damages in excess of $1,000,000 in this lawsuit.[4] So, it is facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

12.     Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees, removal is proper under 28 U.S.C. Section 1332(a).

### III.
### CONCLUSION

13.     All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. Section 1446(a).

14.     Peleus will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

WHEREFORE, Defendant Peleus Insurance Company requests that this action be removed from the 225th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

---

[3]    *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[4]    *See* Plaintiff's First Amended Petition at ¶70.

Respectfully submitted,

**ZELLE LLP**

By: */s/ James W. Holbrook, III*
    Steven J. Badger
    Texas Bar No. 01499050
    sbadger@zelle.com
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com
    Tyler J. McGuire
    Texas Bar No. 24098080
    tmcguire@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT
PELEUS INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that, on December 29, 2016, a true and correct copy of Defendant Peleus Insurance Company's Notice of Removal was served upon all known counsel of record pursuant to the Federal Rules of Civil Procedure as follows:

James M. McClenny
james@mma-pllc.com
J. Zachary Moseley
zach@mma-pllc.com
Kelly A. Seid
kelly@mma-pllc.com
MCCLENNY MOSELEY & ASSOCIATES, PLLC
411 N. Sam Houston Pkwy E, Suite 200
Houston, Texas 77060
Telephone:    (713) 334-6121
Facsimile:    (713) 322-5986*Attorneys for Plaintiff*

    */s/ James W. Holbrook, III*
    James W. Holbrook, III